IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| KRISTINA M. McGINNIS-THOMPSON, | : | SSN: xxx-xx-5774 |
| aka KRISTINA M. THOMPSON, | : | xxx-xx-8514 |
| aka KRISTINA M. McGINNIS, | : | |
| and JAMES F. THOMPSON | : | CASE NO: 1-07-01958-MDF |
| dba BREAKAWAY TRUCKING, | : | |
| | : | |
| Debtors | : | |

## SIXTH AMENDED
## CHAPTER 13 PLAN

1. The future earnings of the Debtors shall be submitted to the supervision and control of the Trustee and the Debtors shall pay to the Trustee the total sum of $18,599.48.

2. As of the date of this Sixth Amended Chapter 13 Plan ("Chapter 13 Plan") and over the course of the past forty-eight (48) months, the Debtors have paid to the Trustee's Office the total sum of $14,855.96 through their prior Chapter 13 Plans. Beginning with the payment due in October 2011, the Debtors will begin paying to the Trustee the sum of $311.96 monthly for a period of twelve (12) consecutive months, or until the Debtors have paid to the Trustee's Office the total sum of $18,599.48.

3. Classification and Treatment of Claims. From the payments, received, the Trustee shall make disbursements as follows:

   (a) Class 1. First, the following claims entitled to priority under 11 U.S.C. Section 507 shall be paid in full in deferred cash payments.

   (i) Trustee's commission pursuant to the provisions of Chapter 13 representing up to ten percent (10%) of the payments set forth in Paragraph 1 above.

   (ii) Attorney's fees to Cunningham & Chernicoff, P.C., in the amount of $2,526.00 which payments shall be pro rata with the Trustee's commissions.

(iii) All claims entitled to priority under Section 507(a), as such claims are allowed, including the claim of the Internal Revenue Service in the amount of $550.00 to be paid subsequent to the payments sets forth in Paragraphs 3(a)(i)and(ii).

(b) <u>Class 2 Secured Claims of BAC Home Loans Servicing f/k/a Countrywide and Dauphin County Tax Claim Bureau</u>. Debtors are currently being considered for a loan modification that would cure any arrears. If the modification is granted, Debtors will make all future monthly payments directly to BAC Home Loans, the holder of a mortgage lien on the Debtors' Residence and Dauphin County Tax Claim Bureau (DCTCB), the holder of a tax lien on Debtors' Residence at 459 South Hershey Road, Hummelstown, PA. BAC Home Loans and DCTCB shall retain their security interest on the Debtors' Residence until their allowed secured claims are paid in full. If Debtors are denied a loan modification, Debtors will surrender the Residence at 459 South Hershey Road, Hummelstown, PA.

(c) <u>Class 3 Secured Claim of Daimler Chrysler Financial Services Americas LLC</u>. The Debtors' 2000 Sterling Tractor will be surrendered to Daimler Chrysler Financial Services Americas LLC in satisfaction of the purchase money security interest in the 2000 Sterling Tractor.

(d) <u>Class 4 Secured Claim of HSBC/Kawasaki.</u> Beginning with the month after the filing of the Chapter 13 Plan, all future monthly payments are to be made directly to HSBC/Kawasaki, the holder of a motorcycle lien on the Debtors' 2006 Kawasaki KX65. HSBC/Kawasaki shall retain its security interest on the Debtors' motorcycle until its allowed secured claim is paid in full.

(e) <u>Class 5 Secured Claim of Pennsylvania Central FCU</u>. Beginning with the month after the filing of the Chapter 13 Plan, all future monthly payments are to be made directly to Pennsylvania Central FCU, the holder of a vehicle lien on the Debtors' 2005 Nissan Titan. Pennsylvania Central FCU, shall retain its security interest on the Debtors' vehicle until its allowed secured claim is paid in full.

(f) <u>Class 6 Secured Claim of Sun Trust FSB</u>. After payment of the Class 1 claims under Paragraphs 3(a)(i) through (iii), deferred cash payments of up to sixty (60) months will be made, on account of all arrearages of payments, late charges and attorneys fees owed to Sun Trust FSB in the amount of $540.61, as secured by a vehicle lien on the Debtors' 2003 Toyota Matrix. Beginning with the month after the filing of the Chapter 13 Plan, all future monthly payments are to be made directly to Sun Trust FSB, the lien holder of Debtors' 2003 Toyota Matrix. Sun Trust FSB shall retain its security interest on the Debtors' 2003 Toyota Matrix until its allowed secured claim is paid in full

(g) <u>Class 7 Secured Claim of Dell Financial Services, L.P.</u> After payment of the Class 1 claims under Paragraphs 3(a), Dell Financial Services, L.P. will be paid the total value of the allowed collateral which secures its claim, that is the value of the personal home computer, which equals $200.00. Dell Financial Services, L.P. shall retain its lien upon the personal home computer until such time as Dell Financial Services, L.P. is paid the sum set forth in this Paragraph 3(g) in full.

(h) <u>Class 8 Unsecured Claims.</u> After payment of Classes 1 through 7 as set forth above, if any funds remain from the monthly payments required to be made under this Plan, then such funds shall be distributed pro-rata to allowed Class 8, general unsecured creditors.

4. The Debtors reserve the right to amend their Plan to reflect claims as filed and as allowed by the Court.

5. The automatic stay shall remain in effect until such time as the Plan is fully consummated by payments to the Trustee or otherwise modified or terminated by specific Order of the Court.

6. Title to the Debtors' property shall revest in the Debtors upon confirmation of

the Plan. Any liens, to the extent that they exist as to the Debtors' property, shall be divested by the entry of the discharge order in this case, except for the liens of BAC Home Loans Servicing f/k/a Countrywide Mortgage and Dauphin County Tax Claim Bureau on Debtors' residence, HSBC/Kawasaki on the 2006 Kawasaki KX65, Pennsylvania Central FCU on the 2005 Nissan Titan, Sun Trust FSB on the 2003 Toyota Matrix, and Dell Financial Services LP on the personal home computer until their allowed secured claims are paid in accordance with this Plan.

7. The Debtors shall make the first payment set forth in Paragraph 1 above within thirty (30) days of the date of the filing of this Plan, and continuing on the same day of each month thereafter.

8. Debtors Have Agreed to Pay $3,526.00 and Have Paid $1,226.00 as a Retainer to Cunningham & Chernicoff, P.C. Any Retainer Will Be Credited Against Billings Rendered for All Services in Connection to the Within Case and Related Matters. All Services Will Be Billed at Cunningham & Chernicoff, P.C.'s Hourly Rate Then in Effect at the Time of Billing. Upon the Retainer Being Utilized in Full, Any Services Not Paid by the Retainer Will Be Billed to the Debtors at Such Hourly Rates. Any Additional Billings Will Be Submitted to the Court on Supplemental Statements as Necessary.

WHEREFORE, Kristina M. McGinnis-Thompson and James F. Thompson, by and through their counsel, submit this Chapter 13 Plan.

Respectfully submitted,

CUNNINGHAM & CHERNICOFF, P.C.

By: /s/ Tracy L. Updike
Tracy L. Updike, Esquire
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570

Date: September 6, 2011